UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                      Case No: 2:19-cv-35-FtM-29UAM

ANDREA GOODELL, individual capacity and WOODSPRING SUITES FORT MYERS SOUTHEAST HOTEL, official capacity,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #16) filed on March 7, 2019. Plaintiff filed a Response (Doc. #18) on March 11, 2019, and defendants filed a Reply (Doc. #24) on March 15, 2019. For the reasons set forth below, defendants' motion is granted.

**I.**

According to the Complaint (Doc. #1): From July 1, 2018 through July 29, 2018, plaintiff Mamberto Real (Plaintiff) rented a hotel room at Woodspring Suites Fort Myers Southeast, LLC (Woodspring). (Id. ¶¶ 8-9.) During his stay at Woodspring, Plaintiff parked his vehicle in the Woodspring parking lot. (Id. ¶ 16.) On July 26, 2018, Plaintiff realized that his vehicle was not in the parking spot where he had previously parked it, so Plaintiff reported his vehicle as stolen to the police. (Id. ¶¶

16-17.) After police responded to the scene, their investigation revealed that Plaintiff's vehicle was not stolen, but was instead towed "by the order of" defendant Andrea Goodell (Defendant Goodell), the Woodspring manager. (Id. ¶ 18.) Defendant Goodell then informed Plaintiff that, because Plaintiff was no longer a hotel guest on July 25, 2018, she placed a warning on Plaintiff's vehicle. (Id. ¶ 19.) The warning indicated that Plaintiff's vehicle would be towed if he failed to move it from the Woodspring parking lot. (Id.; Doc. #1-2.) Because Plaintiff did not move his vehicle, Defendant Goodell eventually had Plaintiff's vehicle towed from the parking lot. (Doc. #1, ¶¶ 18-19.)

Plaintiff informed Defendant Goodell that she improperly towed his vehicle because he was, in fact, a Woodspring hotel guest on July 25, 2018, and he asked Defendant Goodell to pay his towing fees so that he could retrieve his vehicle at no cost. (Id. ¶¶ 19-20.) Defendant Goodell refused to pay Plaintiff's fees, called Plaintiff a racial epithet, and threatened to issue Plaintiff a trespass warning. (Id.) Plaintiff ultimately paid the fees required to retrieve his towed vehicle. (Id. ¶ 22.)

On August 1, 2018, Plaintiff filed a lawsuit against Woodspring and Defendant Goodell (collectively, Defendants) in the County Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Id. ¶ 24.) In that case, Plaintiff asserted a claim against each defendant for "Violation of Hotel Guest Equal

Protection Policies (Discrimination)."[1]  Specifically, Plaintiff's state court claims alleged that Defendants discriminated against him when Defendant Goodell towed Plaintiff's vehicle, called him a racial epithet, and threated to issue him a trespass warning. (Id. pp. 3-6.)

The case in state court proceeded to mediation, where Plaintiff and Defendants agreed to settle the lawsuit. (Doc. #1 ¶ 25.)  Plaintiff and Defendants subsequently executed a Small Claims Court Record of Agreement (the Settlement Agreement), approved by the state court judge, which provided that "Defendant[s] agree[] to pay Plaintiff $1000" and that "Plaintiff agrees this monetary payment settles in full any future claims regarding this issue."[2]  (Doc. #16-1.)  On January 2, 2019, Plaintiff voluntarily dismissed his claims against Defendants because Defendants "fulfilled the[ir] agreement" by paying

---

[1] The Court takes this fact from the attachment to Defendants' Motion to Dismiss (Doc. #16-2).  While a court may not ordinarily consider documents outside the four corners of a plaintiff's complaint when reviewing a motion to dismiss, the Court may consider this document because (1) Plaintiff "incorporated [this document] by reference into" his Complaint (Doc. #1 ¶ 24); (2) "it is central to [] [P]laintiff's claim"; and (3) its authenticity is undisputed.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] The Court also takes this fact from the attachment to Defendants' Motion to Dismiss (Doc. #16-2) because (1) Plaintiff "incorporated [this document] by reference into" his Complaint (Doc. #1 ¶ 25); (2) "it is central to [] [P]laintiff's claim"; and (3) its authenticity is undisputed.  Day, 400 F.3d at 1276.

Plaintiff $1,000 pursuant to the Settlement Agreement. (Doc. #1 ¶ 26; Doc. #1-6.)

Proceeding *in forma pauperis*, Plaintiff filed the instant Complaint on January 22, 2019. Plaintiff asserts claims against Defendants for discrimination in a place of public accommodation in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)(1). Specifically, Plaintiff alleges that Defendants discriminated against him when Defendant Goodell towed Plaintiff's vehicle, called him a racial epithet, and threatened to issue Plaintiff a trespass warning.

## II.

### A. Standard of Review under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding *pro se*, like the Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at

least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. Put simply, even a *pro se* complaint must set forth claims the Court has the power to resolve and allege facts showing that each cause of action is facially plausible.

**B.   Standard of Review under 28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss a case in which a plaintiff is proceeding *in forma pauperis* where the plaintiff asserts a complaint that is frivolous or malicious. A complaint is frivolous under § 1915(e)(2)(B)(i) when it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous under § 1915(e)(2)(B)(i). Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640, n. 2 (11th Cir. 1990).

Under § 1915(e)(2)(B)(ii), the Court must dismiss a case in which a plaintiff is proceeding *in forma pauperis* where the plaintiff asserts a complaint that fails to state a claim upon which relief may be granted. The Court applies "Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint

must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 555–56.

**III.**

Defendants now move to dismiss Plaintiff's Complaint with prejudice. Defendants argue that Plaintiff's claims are (1) barred by the doctrine of *res judicata*; and (2) frivolous because they are precluded by the Settlement Agreement. The Court will address each argument in turn below.

**A.  Whether Plaintiff's Claims are Barred by *Res Judicata***

Under Florida law, the doctrine of *res judicata* "preclude[s] the relitigation of previously determined matters under circumstances where such relitigation would be unjust or inappropriate." Klak v. Eagles' Reserve Homeowners' Ass'n, Inc., 862 So. 2d 947, 951 (Fla. 2d DCA 2004).[3] It is premised on "considerations of judicial economy and [is] aimed at preventing undue expense and vexation to litigants as well as avoiding inconsistent results." Id. *Res judicata* applies where there is: "(1) identity of the thing sued for; (2) identity of the cause of

---

[3] Whether *res judicata* applies in this case is governed by Florida law. Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1509 (11th Cir. 1985)("[W]hen a federal court exercises federal question jurisdiction and is asked to give *res judicata* effect to a state court judgment, it must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." (citations and quotations omitted)).

action; (3) identity of persons and parties to the action; [] (4) identity of quality in persons for or against whom [the] claim is made"; and (5) the prior action was adjudicated on the merits. The Fla. Bar v. St. Louis, 967 So. 2d 108, 119 (Fla. 2007) (citations and quotation omitted); Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004).

Here, the Court finds Plaintiff's Complaint is not barred by *res judicata* because the state action was not "adjudicated on the merits." St. Louis, 967 So. 2d at 119. In the state court lawsuit, Plaintiff voluntarily dismissed his claims against Defendants, but he did not specify whether such dismissal was with or without prejudice. As a result, Florida law presumes that Plaintiff's voluntary dismissal was without prejudice. See Fla. Sm. Cl. R. 7.110(a)(1) ("Unless otherwise stated [in the notice of voluntary dismissal], the dismissal is without prejudice.").[4] This presumption remains in effect under Florida law, notwithstanding the fact that Plaintiff voluntarily dismissed his case pursuant to the parties' settlement agreement. Chassan Prof'l Wallcovering, Inc. v. Victor Frankel, Inc., 608 So. 2d 91,

---

[4] Because Plaintiff's case was a small claims action in Florida county court, the Florida Small Claims Court Rules create this presumption. See LaSalla v. Pools by George of Pinellas Cty., Inc., 125 So. 3d 1016, 1017 (Fla. 2d DCA 2013). However, even if the Florida Rules of Civil Procedure applied to Plaintiff's state action, that presumption would still remain in effect. See Fla. R. Civ. P. 1.420(a)(1) ("Unless otherwise stated in the notice [of voluntary dismissal], the dismissal is without prejudice.").

92 (Fla. 4th DCA 1992)(holding that where a "settlement resulted in the entry of an order of [voluntary] dismissal," the dismissal was "without prejudice" because the dismissal did not state otherwise).

Florida law further provides that "a voluntary dismissal *without prejudice* is not an adjudication on the merits" and does not support a claim of *res judicata*. Chassan Prof'l Wallcovering, Inc. v. Victor Frankel, Inc., 608 So. 2d 91, 93 (Fla. 4th DCA 1992)(emphasis in original)(citations omitted); W. Grp. Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1358-59 (11th Cir. 1999)(noting that *res judicata* does not apply under Florida law "[w]hen a plaintiff takes a voluntary dismissal" without prejudice (quotations and citations omitted)). Because Plaintiff voluntarily dismissed his case against Defendants in state court without prejudice, that dismissal does not constitute an adjudication on the merits for *res judicata* purposes. Frankel, Inc., 608 So. 2d at 93. Accordingly, Plaintiff's claims are not barred by the doctrine of *res judicata*. Id.

Defendants argue that Plaintiff's voluntary dismissal should be given *res judicata* effect because "[r]esolving an action by settlement is considered a final judgment on the merits for *res judicata* purposes." (Doc. #16, p. 8.) The cases Defendants rely upon for this contention, however, are inapposite because those cases involved final judgments or voluntary dismissals *with*

*prejudice* pursuant to settlement agreements. See <u>Livingston v. Frank</u>, 150 So. 3d 239, 245 (Fla. 2d DCA 2014)(*Res judicata* barred claims "that were fully and finally resolved pursuant to stipulated final judgments."); <u>Ardis v. Anderson</u>, 662 F. App'x 729, 730 (11th Cir. 2016)(*Res Judicata* barred the plaintiff's claims where "the parties filed a stipulation of dismissal with prejudice."); <u>Norfolk S. Corp. v. Chevron, U.S.A., Inc.</u>, 371 F.3d 1285, 1288 (11th Cir. 2004)("[T]he principles of *res judicata* apply . . . to the matters specified in [a] settlement agreement" when there is a "judgment dismissing an action with prejudice based upon the parties' stipulation."). Thus, for the reasons discussed *supra*, the Court finds that Plaintiff's claims are not barred by the doctrine of *res judicata*.

**B. Whether Plaintiff's Claims are Barred by the Settlement Agreement**

Defendants also argue the Court should dismiss Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Defendants contend that Plaintiff's claims are frivolous because Plaintiff "knowingly waived his right to assert" the instant claims pursuant to the Settlement Agreement and his claims therefore "fail from their inception." (Doc. #16, p. 4.)

A plaintiff's complaint is subject to dismissal where it asserts claims precluded by a settlement agreement. <u>Sherrod v. Sch. Bd. of Palm Beach Cty.</u>, 550 F. App'x 809, 813 (11th Cir.

2013)(affirming dismissal of plaintiff's complaint because it "was barred by the settlement agreement he signed"). In determining whether a claim is barred by the terms of a settlement agreement, a court must "construe [the] settlement agreement [by] applying Florida contract law." Id. at 811-12; Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987)(Because "[a] settlement agreement is a contract . . . its construction and enforcement are governed by principles of Florida's general contract law." (citation omitted)).

Under Florida law, where a contract's terms are clear and unambiguous, a "court is bound by the plain meaning of those terms," and the parties' intent "must be discerned from within the 'four corners of the document.'" Emerald Pointe Prop. Owners' Ass'n, Inc. v. Commercial Const. Indus., Inc., 978 So. 2d 873, 877 (Fla. 4th DCA 2008)(citation omitted). However, if contractual terms are ambiguous or unclear, interpreting such an ambiguity is inappropriate on a motion to dismiss, because a court may be required to consider "extrinsic evidence to discern the parties' intent." Okeechobee Landfill, Inc. v. Republic Servs. of Fla., Ltd. P'ship, 931 So. 2d 942, 945 (Fla. 4th DCA 2006)(citations omitted). Thus, to determine whether Plaintiff's claims are barred by the Settlement Agreement, the Court must first analyze whether the Settlement Agreement is clear and unambiguous.

A contract is ambiguous when it is "susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract . . . ." Commercial Capital Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007). Because "fanciful, inconsistent, and absurd interpretations of plain language are always possible," this analysis is guided by reasonableness. Vyfvinkel v. Vyfvinkel, 135 So. 3d 384, 385 (Fla. 5th DCA 2014)(quotations and citations omitted). Thus, "a true ambiguity" does not exist simply because a contract "can possibly be interpreted in more than one manner." Lambert v. Berkley S. Condo. Ass'n, Inc., 680 So. 2d 588, 590 (Fla. 4th DCA 1996)(citations omitted).

Here, the Settlement Agreement provides that "Plaintiff agrees this monetary payment settles in full any future claims regarding this issue." (Doc. #16-1.) Plaintiff does not dispute the validity of the Settlement Agreement, but appears to argue the Settlement Agreement is ambiguous, and asserts that "this issue" refers to the specific cause of action alleged in state court and therefore does not preclude his claims in this case which are premised upon a different legal theory. Thus, Plaintiff argues, dismissal is inappropriate at this stage of the litigation because extrinsic evidence will demonstrate that he reserved his right to assert claims against Defendants in federal court and that the

Settlement Agreement "entitle[s] [him] to sue Defendants under 42 U.S.C. Section 2000(a)(1) . . . . " (Doc. #18, p. 6.)

The Court finds no merit in Plaintiff's construction of the Settlement Agreement's terms. Because the Settlement Agreement precludes Plaintiff from asserting "any future claims" against Defendants, the Court finds that a plain reading of the Settlement Agreement indicates that "this issue" refers to Defendants' underlying conduct described in the state court complaint, not to the specific cause of action Plaintiff asserted in state court. The fact that Plaintiff "ascribe[s] [a] different meaning[] to the language [in the Settlement Agreement] does not mean the language is ambiguous so as to allow the admission of extrinsic evidence." Kipp v. Kipp, 844 So. 2d 691, 693 (Fla. 4th DCA 2003).[5]

Because the Settlement Agreement is unambiguous, the Court may determine at the motion to dismiss stage whether the Settlement Agreement bars Plaintiff's claims in this case, and the Court need only consider the four corners of the Settlement Agreement in conducting this analysis. Sherrod, 550 F. App'x at 813; Emerald

---

[5] If the Court were to find the Settlement Agreement ambiguous, determining whether Plaintiff's claims are precluded by the Settlement Agreement would be inappropriate at the motion to dismiss stage because the Court may need to consider extrinsic evidence. See Shuler v. Bd. of Trustees of Univ. of Alabama, 480 F. App'x 540, 543 (11th Cir. 2012)(As a general principle, a district court may not "consider[] matters outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6).").

Pointe, 978 So. 2d at 877. As discussed above, a plain reading of the Settlement Agreement demonstrates that it precludes Plaintiff from asserting "any future claims" against Defendants based upon Defendants' alleged discriminatory conduct underlying the state court action. Although Plaintiff alleges a different statutory violation here than he did in state court, the Court finds the Settlement Agreement precludes his claims in this case because the instant Complaint is premised on Defendants' alleged discriminatory conduct as set forth in the state action. Sherrod, 550 F. App'x at 812-13 ("[O]nce a party accepts the proceeds and benefits of a contract, that party is estopped from renouncing the burdens the contract places upon him." (quoting Fineberg v. Kline, 542 So. 2d 1002, 1004 (Fla. 4th DCA 1988))).

Because Plaintiff's claims in this case are barred by the Settlement Agreement, Plaintiff's Complaint is dismissed as frivolous pursuant to § 1915(e)(2)(B)(i). Clark, 915 F.2d at 640, n. 2. Ordinarily, a court should dismiss a *pro se* plaintiff's complaint without prejudice "[w]hen it appears that [the] *pro se* plaintiff's complaint, if more carefully drafted, might state a claim . . . ." Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010)(citation omitted). In this case, however, a more carefully drafted complaint could not state a valid claim because, regardless of the specific cause of action asserted, an amended complaint would be barred by the Settlement Agreement for the

reasons discussed *supra*.  Plaintiff's Complaint is therefore dismissed with prejudice.  Id. (Dismissal of a *pro se* plaintiff's complaint with prejudice "is proper . . . if a more carefully drafted complaint could not state a valid claim." (citation omitted)).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Defendants' Motion to Dismiss (Doc. #16) is **GRANTED** and plaintiff's Complaint (Doc. #1) is **dismissed with prejudice**.

2.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record